IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

S.F.,

      **Plaintiff,**

v.                                                                    **Civil Action No. 2:18-cv-94**
                                                                      **Honorable John Preston Bailey**

**NEWTON E. HIGGINBOTHAM III,**
**Individually and as an agent for**
**The State of West Virginia, Department of**
**Military Affairs, West Virginia State Police**
**and THE STATE OF WEST VIRGINIA,**
**DEPARTMENT OF MILITARY AFFAIRS,**
**WEST VIRGINIA STATE POLICE,**

      **Defendants.**

**DEFENDANT THE STATE OF WEST VIRGINIA, DEPARTMENT OF**
**MILITARY AFFAIRS, WEST VIRGINIA STATE POLICE'S**
**ANSWER TO PLAINTIFF'S COMPLAINT**

      **COMES NOW** the defendant, The State of West Virginia, Department of Military

Affairs, West Virginia State Police, by counsel, Gary E. Pullin, Wendy E. Greve, and Pullin,

Fowler, Flanagan, Brown & Poe, PLLC, for answer to Plaintiff's Complaint, and responds to the

Plaintiff's Complaint as follows:

**FIRST DEFENSE**

      1.    This Defendant moves to dismiss this civil action as to this Defendant, on the

basis that this Defendant is not subject to suit in Federal Court by virtue of the Eleventh

Amendment to the United States Constitution, and accordingly, this Defendant should be

dismissed from this civil action.

      Without waiving its immunity under the Eleventh Amendment to the United States

Constitution, this Defendant answers Plaintiff's Complaint as follows:

## SECOND DEFENSE

2.      This Defendant is without sufficient information to admit or deny the allegations contained in paragraph 1 of Plaintiff's Complaint and, therefore, denies the same and demands strict proof thereof.

3.      In response to paragraph 2 of Plaintiff's Complaint, this Defendant admits that defendant, Newton E. Higginbotham, III, was an employee/agent of Defendant WVSP and a resident of Grant County.  This Defendant is without sufficient information to admit or deny the remaining allegations contained in paragraph 2 of Plaintiff's Complaint and, therefore, denies the same and demands strict proof thereof.

4.      This Defendant admits the allegations contained in paragraph 3 of Plaintiff's Complaint.

5.      Paragraph 4 of Plaintiff's Complaint does not contain any factual allegations to which a response by way of admission or denial is required.  To the extent that paragraph 4 alleges this Defendant is liable to the limits of the insurance policy which provides liability coverage for this Defendant, this Defendant denies liability.

## FACTS

6.      In response to paragraph 5 of Plaintiff's Complaint, this Defendant reasserts and realleges its responses to paragraphs 1 through 4 of Plaintiff's Complaint as if fully set forth herein.

7.      This Defendant is without sufficient information to admit or deny the allegations contained in paragraph 6 of Plaintiff's Complaint and, therefore, denies the same and demands strict proof thereof.

8.      This Defendant is without sufficient information to admit or deny the allegations contained in paragraph 7 of Plaintiff's Complaint and, therefore, denies the same and demands strict proof thereof.

9.      This Defendant is without sufficient information to admit or deny the allegations contained in paragraph 8 of Plaintiff's Complaint and, therefore, denies the same and demands strict proof thereof.

10.     This Defendant is without sufficient information to admit or deny the allegations contained in paragraph 9 of Plaintiff's Complaint and, therefore, denies the same and demands strict proof thereof.

11.     This Defendant is without sufficient information to admit or deny the allegations contained in paragraph 10 of Plaintiff's Complaint and, therefore, denies the same and demands strict proof thereof.

12.     This Defendant is without sufficient information to admit or deny the allegations contained in paragraph 11 of Plaintiff's Complaint and, therefore, denies the same and demands strict proof thereof.

13.     This Defendant is without sufficient information to admit or deny the allegations contained in paragraph 12 of Plaintiff's Complaint and, therefore, denies the same and demands strict proof thereof.

14.     This Defendant is without sufficient information to admit or deny the allegations contained in paragraph 13 of Plaintiff's Complaint and, therefore, denies the same and demands strict proof thereof.

15.     This Defendant is without sufficient information to admit or deny the allegations contained in paragraph 14 of Plaintiff's Complaint and, therefore, denies the same and demands strict proof thereof.

16.     This Defendant is without sufficient information to admit or deny the allegations contained in paragraph 15 of Plaintiff's Complaint and, therefore, denies the same and demands strict proof thereof.

17.     This Defendant is without sufficient information to admit or deny the allegations contained in paragraph 16 of Plaintiff's Complaint and, therefore, denies the same and demands strict proof thereof.

18.     This Defendant is without sufficient information to admit or deny the allegations contained in paragraph 17 of Plaintiff's Complaint and, therefore, denies the same and demands strict proof thereof.

19.     This Defendant is without sufficient information to admit or deny the allegations contained in paragraph 18 of Plaintiff's Complaint and, therefore, denies the same and demands strict proof thereof.

20.     This Defendant is without sufficient information to admit or deny the allegations contained in paragraph 19 of Plaintiff's Complaint and, therefore, denies the same and demands strict proof thereof.

21.     This Defendant is without sufficient information to admit or deny the allegations contained in paragraph 20 of Plaintiff's Complaint and, therefore, denies the same and demands strict proof thereof.

22.     This Defendant is without sufficient information to admit or deny the allegations contained in paragraph 21 of Plaintiff's Complaint and, therefore, denies the same and demands strict proof thereof.

23.     This Defendant is without sufficient information to admit or deny the allegations contained in paragraph 22 of Plaintiff's Complaint and, therefore, denies the same and demands strict proof thereof.

24.     This Defendant is without sufficient information to admit or deny the allegations contained in paragraph 23 of Plaintiff's Complaint and, therefore, denies the same and demands strict proof thereof.

25.     This Defendant is without sufficient information to admit or deny the allegations contained in paragraph 24 of Plaintiff's Complaint and, therefore, denies the same and demands strict proof thereof.

26.     This Defendant is without sufficient information to admit or deny the allegations contained in paragraph 25 of Plaintiff's Complaint and, therefore, denies the same and demands strict proof thereof.

27.     This Defendant denies the allegations contained in paragraph 26 of Plaintiff's Complaint.

**COUNT I**
**VIOLATIONS OF THE WEST VIRGINIA AND U.S. CONSTITUTIONS**

28.     In response to paragraph 27 of Plaintiff's Complaint, this Defendant reasserts and realleges its responses to paragraphs 1 through 26 of Plaintiff's Complaint as if fully set forth herein.

29.     Paragraph 28 of Plaintiff's Complaint states a legal conclusion to which a response by way of admission or denial is not required.  To the extent paragraph 28 alleges a constitutional tort action against this Defendant, all such allegations are denied.

30.     This Defendant denies the allegations of paragraph 29 of Plaintiff's Complaint as they pertain to this Defendant.

31.     This Defendant denies the allegations contained in paragraph 30 of Plaintiff's Complaint as they pertain to this Defendant.

32.     Paragraph 31 of Plaintiff's Complaint states a legal conclusion to which a response by way of admission or denial is not required.  To the extent that paragraph 31 alleges acts of wrong-doing on the part of this Defendant, all such allegations are denied.

33.     This Defendant denies the allegations contained in paragraph 32 of Plaintiff's Complaint as they pertain to this Defendant.

34.     This Defendant denies the allegations contained in paragraph 33 of Plaintiff's Complaint.

35.     This Defendant denies the allegations contained in paragraph 34 of Plaintiff's Complaint as they pertain to this Defendant.

36.     This Defendant denies that it is liable to the Plaintiff for the damages set forth in paragraph 35 of Plaintiff's Complaint.

37.     This Defendant denies the allegations contained in paragraph 36 of Plaintiff's Complaint.

38.     This Defendant is without sufficient information to admit or deny the allegations of paragraph 37 of Plaintiff's Complaint and, therefore, deny the same and demand strict proof thereof.

<u>**COUNT II**</u>
<u>**CIVIL RIGHTS STATUTORY AND CONSTITUTIONAL VIOLATIONS**</u>

39.     In response to paragraph 38 of Plaintiff's Complaint, this Defendant reasserts and realleges its responses to paragraphs 1 through 37 of Plaintiff's Complaint as if fully set forth herein.

40.     Paragraph 39 of Plaintiff's Complaint states a legal conclusion to which a response by way of admission or denial is not required.  This Defendant specifically denies that it violated any of the Plaintiff's constitutional rights.

41.     This Defendant denies paragraph 40 of Plaintiff's Complaint as it pertains to this Defendant.

42.     This Defendant denies the allegations contained in paragraph 41 of Plaintiff's Complaint.

43.     This Defendant denies the allegations contained in paragraph 42 of Plaintiff's Complaint.

44.     This Defendant denies the allegations contained in paragraph 43 of Plaintiff's Complaint.

45.     This Defendant denies the allegations contained in paragraph 44 of Plaintiff's Complaint.

46.     This Defendant denies the allegations contained in paragraph 45 of Plaintiff's Complaint.

47.     This Defendant denies the allegations contained in paragraph 46 of Plaintiff's Complaint.

48.     This Defendant denies the allegations contained in paragraph 47 of Plaintiff's Complaint.

**COUNT III**
**WAIVER OF GOVERNMENTAL IMMUNITY AND PUNITIVE DAMAGES**

49.     In response to paragraph 48 of Plaintiff's Complaint, this Defendant reasserts and realleges its responses to paragraphs 1 through 47 of Plaintiff's Complaint and incorporate the same by reference as if fully set forth herein.

50.     This Defendant denies the allegations contained in paragraph 49 of Plaintiff's Complaint.

51.     Paragraph 50 of Plaintiff's Complaint states a legal conclusion to which a response by way of admission is not required.  To the extent paragraph 50 asserts wrongful conduct against this Defendant, all such allegations are denied.

52.     This Defendant denies the allegations contained in paragraph 51 of Plaintiff's Complaint.

53.     This Defendant denies the allegations contained in paragraph 52 of Plaintiff's Complaint.

54.     This Defendant denies the allegations contained in paragraph 53 of Plaintiff's Complaint.

55.     This Defendant denies the allegations contained in paragraph 54 of Plaintiff's Complaint.

**COUNT IV**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

56.     In response to paragraph 55 of Plaintiff's Complaint, this Defendant reasserts and realleges its responses to paragraphs 1 through 54 of Plaintiff's Complaint and incorporate the same by reference as if fully set forth herein.

57.     This Defendant denies the allegations contained in paragraph 56 of Plaintiff's Complaint.

58.     This Defendant denies the allegations contained in paragraph 57 of Plaintiff's Complaint.

59.     This Defendant denies the allegations contained in paragraph 58 of Plaintiff's Complaint.

60.     This Defendant denies the allegations contained in paragraph 59 of Plaintiff's Complaint.

## COUNT V
## NEGLIGENT HIRING, TRAINING, SUPERVISION AND RETENTION

61.     In response to paragraph 60 of Plaintiff's Complaint, this Defendant reasserts and realleges its responses to paragraphs 1 through 59 of Plaintiff's Complaint and incorporate the same by reference as if fully set forth herein.

62.     This Defendant denies the allegations contained in paragraph 61 of Plaintiff's Complaint.

63.     This Defendant denies the allegations contained in paragraph 62 of Plaintiff's Complaint.

64.     This Defendant denies the allegations contained in paragraph 63 of Plaintiff's Complaint.

65.     This Defendant denies the allegations contained in paragraph 64 of Plaintiff's Complaint.

66.     This Defendant denies all allegations contained in Plaintiff's Complaint not specifically admitted herein.

67.     This Defendant denies that the Plaintiff is entitled to the relief sought from this Defendant.

### THIRD DEFENSE

68.     This Defendant denies that the Plaintiff is entitled to an award of compensatory and/or punitive damages from this Defendant.

### FOURTH DEFENSE

69.     This Defendant denies that Plaintiff's Complaint states a claim for punitive damages.

**FIFTH DEFENSE**

70.     This Defendant denies that it is liable to the Plaintiff for the claims asserted in this civil action.

**SIXTH DEFENSE**

71.     This Defendant asserts that it is entitled to qualified and/or good faith immunity from liability because this defendant acted lawfully in all actions taken by it with regard to the Plaintiff.

**SEVENTH DEFENSE**

72.     This Defendant is entitled to qualified and/or good faith immunity from liability because the conduct of this defendant, at all times relevant hereto, did not violate any clearly established or constitutional rights of the plaintiff of which a reasonable person should have known.

**EIGHTH DEFENSE**

73.     This Defendant specifically asserts all common law, statutory and constitutional immunities afforded it under Federal and State law.

**NINTH DEFENSE**

74.     No custom or policy of the West Virginia State Police caused the deprivation of any of the plaintiff's rights or caused the plaintiff the damages complained of in plaintiff's complaint.

**TENTH DEFENSE**

75.     This Defendant hereby raises and preserves each and every defense set forth in Rules 8, 9, and 12 of the Federal Rules of Civil Procedure, and further reserves the right to raise such additional defenses as may appear appropriate following further factual development in this case.

## ELEVENTH DEFENSE

76.     This Defendant did not breach any duty it owed to the Plaintiff.

## TWELFTH DEFENSE

77.     This Defendant is immune from liability because, at all times relevant hereto, it acted within the good faith performance of its official duties.

## THIRTEENTH DEFENSE

78.     This Defendant reserves the right to file a counterclaim, cross-claim, or third party claim if a sufficient or factual basis therefore is developed through continuing investigation and discovery.

## PRAYER FOR RELIEF

**WHEREFORE**, your defendant, West Virginia State Police, having fully answered Plaintiff's Complaint, respectfully requests that Plaintiff's Complaint be dismissed and held for naught; that the Plaintiff recover nothing from this Defendant; that Defendant recover its costs, expenses of suit, and a reasonable attorney's fee made necessary in defending this Complaint; and for such other and further relief, whether legal or equitable in nature, as to which this Defendant may appear to be entitled.

## JURY DEMAND

This Defendant respectfully demands a trial by jury on all issues so triable.

WEST VIRGINIA STATE POLICE

By Counsel

Gary E. Pullin, Esq. (WVSB #4528)
Wendy E. Greve, Esq. (WVSB #6599)

11

**PULLIN, FOWLER, FLANAGAN, BROWN & POE, PLLC**
JamesMark Building
901 Quarrier Street
Charleston, West Virginia 25301
Telephone:  (304) 344-0100
Facsimile:   (304) 342-1545
E-Mail:  gpullin@pffwv.com; wgreve@pffwv.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

S.F.,

       **Plaintiff,**

v.
                                    **Civil Action No. 2:18-cv-94**
                                    **Honorable John Preston Bailey**

**NEWTON E. HIGGINBOTHAM III,**
**Individually and as an agent for The State**
**of West Virginia, Department of Military Affairs,**
**West Virginia State Police and THE STATE OF**
**WEST VIRGINIA, DEPARTMENT OF MILITARY**
**AFFAIRS, WEST VIRGINIA STATE POLICE,**

       **Defendants.**

## CERTIFICATE OF SERVICE

The undersigned counsel for defendant, West Virginia State Police, does hereby certify on this **11th**

**day of October, 2018**, that a true copy of the foregoing "*Defendant West Virginia State Police's Answer to*

*Plaintiff's Complaint*" was served upon counsel of record by utilizing the CM/ECF filing system:

    *Counsel for Plaintiff*
    Christopher J. Heavens, Esq. (WVSB #5776)
    Aaron M. Kidd, Esq. (WVSB #13213)
    HEAVENS LAW FIRM, PLLC
    2438 Kanawha Boulevard, E.
    Charleston, WV 25311

    *Counsel for Defendant Newton E. Higginbotham III*
    Michael D. Mullins, Esq.
    STEPTOE & JOHNSON
    Post Office Box 1588
    Charleston, WV 25326-1588

                                        Gary E. Pullin, Esq., WVSB #4528
                                        Wendy E. Greve, Esq., WVSB #6599

Pullin, Fowler, Flanagan, Brown & Poe, PLLC
JamesMark Building
901 Quarrier Street
Charleston, West Virginia 25301
Telephone: (304) 344-0100
Facsimile: (304) 342-1545
E-Mail: gpullin@pffwv.com; wgreve@pffwv.com