IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

S.F.,

      Plaintiff,

v.

                                  Civil Action No. 2:18-cv-94
                                  Honorable John Preston Bailey

NEWTON E. HIGGINBOTHAM III,
Individually and as an agent for
The State of West Virginia, Department of
Military Affairs, West Virginia State Police,
and THE STATE OF WEST VIRGINIA,
DEPARTMENT OF MILITARY AFFAIRS,
WEST VIRGINIA STATE POLICE

      Defendant.

## STIPULATED PROTECTIVE ORDER

      WHEREAS, each party to the above-captioned action may seek discovery of documents, information, tangible things, or other materials that may contain confidential or personal information of other parties or third parties;

      NOW THEREFORE, pursuant to Federal Rule of Civil Procedure 26(c), upon the stipulation and consent of Plaintiff S.F. and Defendants Newton E. Higginbotham III and The State of West Virginia, Department of Military Affairs, West Virginia State Police, and for good cause shown, the Court hereby ORDERS the following:

      This Stipulated Protective Order shall govern the disclosure or production of information, documents, and tangible things in connection with this action. This includes, but is not limited to, interrogatories, requests for admission, requests for production, other discovery requests, discovery responses, affidavits, declarations, briefs, memoranda, and other papers filed with the Court. This Protective Order also encompasses documents and information produced by

**EXHIBIT A**

parties to this litigation or by third parties. The Protective Order shall apply in the following manner:

## I. DISCOVERY PHASE

A. If a party or an attorney for a party has a good faith belief that certain documents or other materials (including digital information) subject to disclosure pursuant to a discovery or other request are confidential and should not be disclosed other than in connection with this action and pursuant to this Protective Order, the party or attorney shall mark each such document or other material as "**CONFIDENTIAL**."

B. If a party or an attorney for a party disputes whether a document or other material should be marked "**CONFIDENTIAL**," the parties and/or attorneys shall attempt to resolve the dispute between themselves. If they are unsuccessful, the party or attorney challenging the "**CONFIDENTIAL**" designation shall do so by filing an appropriate motion.

C. No party or attorney or other person subject to this Protective Order shall distribute, transmit, or otherwise divulge any document or other material which is marked "**CONFIDENTIAL**," or the contents thereof, except in accordance with this Protective Order. Court personnel are not subject to this Protective Order while engaged in the performance of their official duties.

D. Any document or other material which is marked "**CONFIDENTIAL**," or the contents thereof, may be used by a party, or a party's attorney, expert witness, consultant, or other person to whom disclosure is made, only for the purpose of this action. Nothing contained in this Protective Order shall prevent the use of any document or other material which is marked "**CONFIDENTIAL**," or the contents thereof, at any discovery deposition taken in this action.

E.  If a party or attorney wishes to disclose any document or other material which is marked "**CONFIDENTIAL**," or the contents thereof, to any person actively engaged in working on this action (e.g., expert witness, paralegal, associate, consultant), the person making the disclosure shall do the following:

1.  Provide a copy of this Protective Order to the person to whom disclosure is made;

2.  Inform the person to whom disclosure is made that s/he is bound by this Protective Order;

3.  Require the person to whom disclosure is made to sign an acknowledgment and receipt of this Protective Order;

4.  Instruct the person to whom disclosure is made to return any document or other material which is marked "**CONFIDENTIAL**," at the conclusion of the case, including notes or memoranda made from "**CONFIDENTIAL**" material;

5.  Maintain a list of persons to whom disclosure was made and the "**CONFIDENTIAL**" materials which were disclosed to that person; and

6.  At the conclusion of the action, gather the "**CONFIDENTIAL**" materials, copies thereof, and related notes and memoranda, and return them to the party or attorney who originally disclosed them, with a certificate of compliance with the terms of this Protective Order.

F.  Confidential documents may also be disclosed to witnesses at depositions provided that, before they are shown the document(s), they are instructed as to the confidential nature of the document(s).

## II.   POST-DISCOVERY PHASE

If any party or attorney wishes to file, or use as an exhibit or as evidence at a hearing or trial, any "**CONFIDENTIAL**" document or material, s/he must provide reasonable notice to the party that produced the document or material. The parties and/or attorneys shall then attempt to resolve the matter of continued confidentiality by either (a) removing the "**CONFIDENTIAL**" marking, or (b) creating a mutually acceptable redacted version that suffices for purposes of the case. If an amicable resolution proves unsuccessful, the parties and/or attorneys may present the issue to the court for resolution.

## III.   RESOLUTION OF THE MATTER

This Protective Order shall survive the termination of this action. Within 30 days after final termination of this action, including any appeals, all "**CONFIDENTIAL**" information of a producing party in the possession, custody, or control of a receiving party must either be: (a) returned to counsel for the producing party; or (b) destroyed and such destruction certified in writing to counsel for the producing party. Each party's counsel shall have the right to retain archival copies of pleadings; motions, memoranda, documents, and papers filed with the Court; depositions; deposition exhibits, hearing transcripts and exhibits; the trial record; and notes, summaries, or other work product prepared by attorneys or outside experts or consultants.

ENTER: *12-3-2018*

Judge John Preston Bailey

PREPARED BY:

/s/ Michael D. Mullins
Michael D. Mullins (WVSB No. 7754)
Chase Tower, 17th Floor
707 Virginia Street East
Post Office Box 1588
Charleston, WV 25326-1588
Telephone:  (304) 353-8000
Facsimile:   (304) 353-8180
michael.mullins@steptoe-johnson.com
*Counsel for Newton E. Higginbotham III*

AGREED TO BY:

s/ Christopher J. Heavens
Christopher J. Heavens, Esq. (WVSB # 5776)
Heavens Law Firm, PLLC
2438 Kanawha Boulevard, East
Charleston, WV  25311
*Counsel for Plaintiff*

s/ Wendy E. Greve
Gary E. Pullin, Esq. (WVSB #4528)
Wendy E. Greve, Esq. (WVSB #6599)
Pullin, Fowler, Flanagan, Brown & Poe, PLLC
JamesMark Building
901 Quarrier Street
Charleston, WV 25301
*Counsel for The State of West Virginia, Department of Military Affairs, West Virginia State Police*