# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**S.F.,**

    **Plaintiff,**

**v.**                                                     **CIVIL ACTION NO. 2:18-CV-94**
                                                              **Judge Bailey**

**NEWTON E. HIGGINBOTHAM III,**
**individually and as an agent for**
**The State of West Virginia, Department of**
**Military Affairs, and the West Virginia State Police,**

    **Defendant.**

## DEFENDANT NEWTON E. HIGGINBOTHAM III'S
## ANSWER TO PLAINTIFF'S *AMENDED* COMPLAINT

COMES NOW Defendant Newton E. Higginbotham III, by counsel, Michael D. Mullins and the law firm of Steptoe & Johnson PLLC, and responds to Plaintiff's *Amended* Complaint as follows:

### FIRST DEFENSE

Plaintiff's *Amended* Complaint fails to state a cause of action upon which relief can be granted.

### SECOND DEFENSE

In response to the enumerated paragraphs of Plaintiff's *Amended* Complaint, this Defendant responds as follows:

### PARTIES

1.    This Defendant is without specific information or knowledge from which to formulate a belief as to the truth of the allegations contained in the paragraph numbered 1 of Plaintiff's *Amended* Complaint.

2. In response to the paragraph numbered 2 of Plaintiff's *Amended* Complaint, this Defendant admits that he was an employee of the West Virginia State Police in the past. In so stating, this Defendant does not admit that he was an employee of the West Virginia State Police "at all times relevant," as Plaintiff has not defined the relevant times in the *Amended* Complaint. Moreover, the remaining allegations in the paragraph numbered 2 of Plaintiff's *Amended* Complaint call for a legal conclusion to which this Defendant is not required to respond.

3. This Defendant is without specific information or knowledge from which to formulate a belief as to the truth of the allegations set forth in the paragraph numbered 3 of Plaintiff's *Amended* Complaint.

4. In response to the paragraph numbered 4 of Plaintiff's *Amended* Complaint, this Defendant incorporates by reference his response to the paragraphs numbered 1 through 3, above.

5. The allegations in the paragraph numbered 5 of Plaintiff's *Amended* Complaint call for a legal conclusion.

6. The allegations in the paragraph numbered 6 of Plaintiff's *Amended* Complaint call for a legal conclusion.

7. In response to the paragraph numbered 7 of Plaintiff's *Amended* Complaint, this Defendant incorporates by reference his responses to the paragraphs numbered 1 through 6 of Plaintiff's *Amended* Complaint.

8. This Defendant is without specific information or knowledge from which to formulate a belief as to the truth of the allegations set forth in the paragraph numbered 8 of Plaintiff's *Amended* Complaint.

9. In response to the paragraph numbered 9 of Plaintiff's *Amended* Complaint, this Defendant admits, upon information and belief, that he issued Plaintiff a seatbelt warning at some time.

10. In response to the paragraph numbered 10 of Plaintiff's *Amended* Complaint, this Defendant admits, upon information and belief, that he responded to a domestic complaint at Plaintiff's grandparents'.

11. This Defendant cannot respond to the paragraph numbered 11 of Plaintiff's *Amended* Complaint, as this Defendant does not know what Plaintiff noticed. Notwithstanding, this Defendant admits that he shopped at the gas station in question and that Plaintiff appeared to work there.

12. This Defendant cannot respond to the paragraph numbered 12 of Plaintiff's *Amended* Complaint, as this Defendant does not know what Plaintiff noticed.

13. This Defendant is without specific information to respond to the paragraph numbered 13 of Plaintiff's *Amended* Complaint.

14. This Defendant admits that he had a conversation with the Plaintiff, but the remaining allegations in the paragraph numbered 14 of Plaintiff's *Amended* Complaint are denied.

15. This Defendant denies the allegations contained within the paragraph numbered 15 of Plaintiff's *Amended* Complaint.

16. This Defendant denies the allegations contained within the paragraph numbered 16 of Plaintiff's *Amended* Complaint.

17. The allegations set forth in the paragraph numbered 17 of Plaintiff's *Amended* Complaint are denied. However, this Defendant admits that he did pull Plaintiff over.

18. This Defendant denies the allegations contained within the paragraph numbered 18 of Plaintiff's *Amended* Complaint.

19. This Defendant denies the allegations contained within the paragraph numbered 19 of Plaintiff's *Amended* Complaint.

20. This Defendant denies the allegations contained within the paragraph numbered 20 of Plaintiff's *Amended* Complaint.

21. This Defendant denies the allegations contained within the paragraph numbered 21 of Plaintiff's *Amended* Complaint.

22. This Defendant denies the allegations contained within the paragraph numbered 22 of Plaintiff's *Amended* Complaint.

23. This Defendant is without specific information or knowledge from which to formulate a belief as to the truth of the allegations set forth in the paragraph numbered 23 of Plaintiff's *Amended* Complaint.

24. This Defendant is without specific information or knowledge from which to formulate a belief as to the truth of the allegations set forth in the paragraph numbered 24 of Plaintiff's *Amended* Complaint.

25. This Defendant denies the allegations contained within the paragraph numbered 25 of Plaintiff's *Amended* Complaint.

26. This Defendant is without specific information or knowledge from which to formulate a belief as to the truth of the allegations set forth in the paragraph numbered 26 of Plaintiff's *Amended* Complaint.

27. In response to the paragraph numbered 27 of Plaintiff's *Amended* Complaint, this Defendant is without specific information or knowledge to know what Plaintiff alleged to the FBI or what findings the FBI made regarding those allegations.

28. This Defendant denies the allegations contained within the paragraph numbered 28 of Plaintiff's *Amended* Complaint.

29. In response to the paragraph numbered 29 of Plaintiff's *Amended* Complaint, this Defendant incorporates by reference his responses to the paragraphs numbered 1 through 28 of Plaintiff's *Amended* Complaint.

30. The allegations contained in the paragraph numbered 30 of Plaintiff's *Amended* Complaint call for a legal conclusion to which this Defendant is not required to respond.

31. This Defendant denies the allegations contained within the paragraph numbered 31 of Plaintiff's *Amended* Complaint.

32. In response to the paragraph numbered 32 of Plaintiff's *Amended* Complaint, this Defendant incorporates by reference his responses to the paragraphs numbered 1 through 31 of Plaintiff's *Amended* Complaint.

33. The allegations contained in the paragraph numbered 33 of Plaintiff's *Amended* Complaint call for a legal conclusion to which this Defendant is not required to respond.

34. This Defendant denies the allegations contained within the paragraph numbered 34 of Plaintiff's *Amended* Complaint.

35. This Defendant denies the allegations contained within the paragraph numbered 35 of Plaintiff's *Amended* Complaint.

36. This Defendant denies the allegations contained within the paragraph numbered 36 of Plaintiff's *Amended* Complaint.

37. This Defendant denies the allegations contained within the paragraph numbered 37 of Plaintiff's *Amended* Complaint.

38. The allegations contained in the paragraph numbered 38 of Plaintiff's *Amended* Complaint call for a legal conclusion to which this Defendant is not required to respond.

39. This Defendant denies the allegations contained within the paragraph numbered 39 of Plaintiff's *Amended* Complaint.

40. This Defendant denies the allegations contained within the paragraph numbered 40 of Plaintiff's *Amended* Complaint, including all subparts.

41. This Defendant denies the allegations contained within the paragraph numbered 41 of Plaintiff's *Amended* Complaint.

42. This Defendant denies the allegations contained within the paragraph numbered 42 of Plaintiff's *Amended* Complaint.

43. In response to the paragraph numbered 43 of Plaintiff's *Amended* Complaint, this Defendant incorporates by reference his responses to the paragraphs numbered 1 through 42 of Plaintiff's *Amended* Complaint.

44. The allegations contained in the paragraph numbered 44 of Plaintiff's *Amended* Complaint call for a legal conclusion to which this Defendant is not required to respond.

45. The allegations contained in the paragraph numbered 45 of Plaintiff's *Amended* Complaint call for a legal conclusion to which this Defendant is not required to respond.

46. This Defendant denies the allegations contained within the paragraph numbered 46 of Plaintiff's *Amended* Complaint.

47. This Defendant denies the allegations contained within the paragraph numbered 47 of Plaintiff's *Amended* Complaint.

48. The allegations contained in the paragraph numbered 48 of Plaintiff's *Amended* Complaint call for a legal conclusion to which this Defendant is not required to respond.

49. The allegations contained in the paragraph numbered 49 of Plaintiff's *Amended* Complaint call for a legal conclusion to which this Defendant is not required to respond.

50. The allegations contained in the paragraph numbered 50 of Plaintiff's *Amended* Complaint call for a legal conclusion to which this Defendant is not required to respond.

51. The allegations contained in the paragraph numbered 51 of Plaintiff's *Amended* Complaint call for a legal conclusion to which this Defendant is not required to respond.

52. This Defendant denies the allegations contained within the paragraph numbered 52 of Plaintiff's *Amended* Complaint.

53. In response to the paragraph numbered 53 of Plaintiff's *Amended* Complaint, this Defendant incorporates by reference his responses to the paragraphs numbered 1 through 52 of Plaintiff's *Amended* Complaint.

54. This Defendant denies the allegations contained within the paragraph numbered 54 of Plaintiff's *Amended* Complaint.

55. This Defendant denies the allegations contained within the paragraph numbered 55 of Plaintiff's *Amended* Complaint.

56. The allegations set forth in the paragraph numbered 56 of Plaintiff's *Amended* Complaint call for a legal conclusion. Moreover, they are patently incorrect as this Defendant was not employed by a political subdivision.

57. This Defendant denies the allegations contained within the paragraph numbered 57 of Plaintiff's *Amended* Complaint.

58. This Defendant denies the allegations contained within the paragraph numbered 58 of Plaintiff's *Amended* Complaint.

59. This Defendant denies the allegations contained within the paragraph numbered 59 of Plaintiff's *Amended* Complaint.

60. In response to the paragraph numbered 60 of Plaintiff's *Amended* Complaint, this Defendant incorporates by reference his responses to the paragraphs numbered 1 through 59 of Plaintiff's *Amended* Complaint.

61. This Defendant denies the allegations contained within the paragraph numbered 61 of Plaintiff's *Amended* Complaint.

62. This Defendant denies the allegations contained within the paragraph numbered 62 of Plaintiff's *Amended* Complaint.

63. This Defendant denies the allegations contained within the paragraph numbered 63 of Plaintiff's *Amended* Complaint.

64. This Defendant denies the allegations contained within the paragraph numbered 64 of Plaintiff's *Amended* Complaint.

## THIRD DEFENSE

The sole proximate cause of the incident complained of was conditions beyond the control of this Defendant and for which conditions this Defendant is not liable, and such conditions were not reasonably foreseeable on the part of this Defendant.

**FOURTH DEFENSE**

The Plaintiff was guilty of comparative negligence and/or assumption of risk which proximately caused the incident and damages alleged in Plaintiff's Complaint and which comparative negligence and/or assumption of risk is a bar to Plaintiff's recovery herein.

**FIFTH DEFENSE**

This Defendant reserves the right to argue that, if Plaintiff sustained damages as alleged in Plaintiff's Complaint, all of which this Defendant specifically deny, the same resulted from acts and omissions of persons, firms, and/or corporations other than this Defendant and for which this Defendant is not liable.

**SIXTH DEFENSE**

Plaintiff's claims against Defendant Higginbotham in his official capacity are barred by the Eleventh Amendment.

**SEVENTH DEFENSE**

This Defendant denies that he is guilty of any negligence or other conduct proximately causing or contributing to the incident and the injuries alleged by Plaintiff.

**EIGHTH DEFENSE**

All actions taken by this Defendant were exercised in good faith.

**NINTH DEFENSE**

This Defendant expressly reserves the right to file any cross-claims or third-party complaints against any and all parties and/or potential third-party defendants.

**TENTH DEFENSE**

This Defendant reserves the right to raise additional defenses as are discovered in the future development of this case and specifically reserve the affirmative defenses set forth in Rule

8(c) of the Federal Rules of Civil Procedure, as may prove applicable as discovery commences in this action.

## ELEVENTH DEFENSE

This Defendant reserves the right to argue that it is entitled to qualified immunity.

## TWELFTH DEFENSE

This Defendant asserts that Plaintiff's punitive damages claim is barred by West Virginia and Federal law.

## THIRTEENTH DEFENSE

The State of West Virginia is not a political subdivision. This Plaintiff's reference in her Complaint to 29-12A-1 et seq. is of no moment.

## FOURTEENTH DEFENSE

Plaintiff was not incarcerated, thus her claims against this Defendant under the Eighth Amendment are without merit.

## JURY DEMAND

This Defendant demands a trial by jury on all claims deemed so triable by the Court.

WHEREFORE, this Defendant demands that this action be dismissed and that they be awarded such other relief as this Court deems appropriate.

**NEWTON E. HIGGINBOTHAM III,**
**By Counsel:**

/s/ Michael D. Mullins
Michael D. Mullins [WVSB #7754]

**STEPTOE & JOHNSON PLLC**     Chase Tower, 17th Floor
   **Of Counsel**     707 Virginia Street East
Post Office Box 1588
Charleston, WV 25326-1588
Telephone: 304-353-8000
Facsimile: 304-353-8180
Michael.Mullins@steptoe-johnson.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**S.F.,**

      **Plaintiff,**

**v.**                                               **CIVIL ACTION NO. 2:18-CV-94**
                                                                Judge Bailey

**NEWTON E. HIGGINBOTHAM III,**
**individually and as an agent for**
**The State of West Virginia, Department of**
**Military Affairs, and the West Virginia State Police,**

      **Defendant.**

**CERTIFICATE OF SERVICE**

I hereby certify that on the  11th  day of January, 2019, I filed the foregoing **"Defendant E. Higginbotham III's Answer to Plaintiff's *Amended* Complaint"** with the Clerk of Court by utilizing the CM/ECF system which will send electronic notification of said filing to the following counsel of record / CM/ECF participant:

Christopher J. Heavens (WVSB # 5776)
Heavens Law Firm, PLLC
2438 Kanawha Boulevard, East
Charleston, WV 2511
*Counsel for Plaintiff*

**STEPTOE & JOHNSON PLLC**
    **Of Counsel**

/s/ Michael D. Mullins
Michael D. Mullins (WVSB #7754)
Chase Tower, 17th Floor
707 Virginia Street East
Post Office Box 1588
Charleston, WV 25326-1588
Telephone:  304-353-8000
Facsimile:  304-353-8180
Michael.Mullins@steptoe-johnson.com