# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# ELKINS

S.F.,

    Plaintiff,

v.                                                Civil Action No. 2:18-cv-94
                                                (BAILEY)

**NEWTON E. HIGGINBOTHAM III,**
**individually and as an agent for The State of**
**West Virginia, Department of Military Affairs,**
**West Virginia State Police,**

    Defendant.

## ORDER GRANTING DEFENDANT NEWTON E. HIGGINBOTHAM III'S
## MOTION TO DISMISS COUNT III OF THE AMENDED COMPLAINT

Currently pending before this court is Defendant Newton E. Higginbotham III's Motion to Dismiss [Doc. 24], filed January 9, 2019. The Motion has been fully briefed and is ripe for disposition. For the reasons set forth below, this Court hereby grants defendant's Motion to Dismiss Count III.

## I. BACKGROUND

Plaintiff filed an Amended Complaint in the United States District Court for the Northern District of West Virginia [Doc. 22] on January 4, 2019, wherein plaintiff alleges four separate counts. The count at issue here is Count III, which is titled "Waiver of Governmental Immunity and Punitive Damages" [*Id.* at ¶ 9]. Plaintiff contends that there is no immunity or a cap on damages applicable to defendant [*Id.* at ¶ 59].

Defendant then filed his Motion to Dismiss on January 9, 2019 [Doc. 24]. In support of his Motion to Dismiss, defendant argues that Count III of the plaintiff's claims should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief

can be granted [Doc. 25]. In her Response, plaintiff contends that Count III should not be dismissed because defendant is not protected by qualified immunity because his alleged conduct was outside the scope of his employment [Doc. 27]. Plaintiff also adds that her claim for punitive damages directly relates to her underlying claim against defendant [*Id.* at 7]. In his Reply, defendant reiterates the same arguments from his Motion to Dismiss and again asserts that plaintiff's Count III should be dismissed for failure to state a claim [Doc. 31].

## II. LEGAL STANDARD

A complaint must be dismissed "if it does not allege 'enough facts to state a claim to relief that is plausible on its face.'" ***Giarratano v. Johnson***, 521 F.3d 298, 302 (4th Cir. 2008) (quoting ***Bell Atl. Corp. v. Twombly***, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." ***Ashcroft v. Iqbal***, 556 U.S. 662, 678 (2009). The facts alleged must be sufficient "to raise a right to relief above the speculative level." ***Twombly***, 550 U.S. at 555.

When reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must assume all of the allegations to be true, must resolve all doubts and inferences in favor of the plaintiffs, and must view the allegations in a light most favorable to the plaintiffs. ***Edwards v. City of Goldsboro***, 178 F.3d 231, 243–44 (4th Cir. 1999). "Legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement fail to constitute well-pled facts for Rule 12(b)(6) purposes." ***Nemet Chevrolet, Ltd v. Consumeraffairs.com, Inc***, 591 F.3d 250, 255

2

(citing *Iqbal*, 556 U.S. at 696).

## III. DISCUSSION

Plaintiff contends in Count III of the Amended Complaint that defendant's conduct was "willful, wanton, reckless, fraudulent, oppressive, and outrageous" [Doc. 22 at ¶ 54]. Plaintiff argues because defendant's conduct was "fraudulent, malicious and / or oppressive," defendant has no immunity under the common law [*Id.* at ¶ 55]. Further, plaintiff contends there is no immunity for an employee of a political subdivision under §§ 29-12A-5(a)(12), 5(b)(1), 5(b)(2) and 5(c) [*Id.* at ¶ 56]. Plaintiff also contends that defendant does not have immunity under the Governmental Tort Claims and Insurance Reform Act because plaintiff's claims "include violations of the constitution or statutes of the United States" [*Id.* at 57].

Defendant argues that Count III of plaintiff's Amended Complaint should be dismissed because the Governmental Tort Claims and Insurance Reform Act (the "Act") does not apply to defendant [Doc. 25 at 3]. The defendant further argues that any potentially applicable immunities must be raised by defendant, not asserted by plaintiff [*Id.* at 4]. Additionally, the defendant argues West Virginia law does not recognize a separate cause of action for punitive damages [*Id.* at 5]. As set forth below, plaintiff has not offered any legal basis for Count III of her Amended Complaint to proceed.

### A. Defendant does not fall inside the purview of the Act.

West Virginia has held that "the West Virginia State Police is a State Agency that is not within the purview of [the Act], and . . . individual State Troopers . . . are officers of that State agency" are also not covered by the act. *Jarvis v. West Virginia State Police*,

3

227 W.Va. 472, 481–82, 711 S.E.2d 542, 551–52 (2010); see also *Ali v. Raleigh County*, 2018 WL 4101517, at *6 (S.D. W.Va. Aug. 28, 2018) (Berger, J.). The Act's purpose is "to limit liability of political subdivisions and provide immunity to political subdivisions in certain instances and to regulate the costs and coverage of insurance available to political subdivisions for such liability." W.Va. Code § 29-12A-1. The Act lays out statutory immunities that are available for political subdivisions and their employees. *See id. at* § 29-12A-5. A "political subdivision" under the Act is limited to:

> any county commission, municipality and county board of education; any separate corporation or instrumentality established by one or more counties or municipalities, as permitted by law; any instrumentality supported in most part by municipalities; any public body charged by law with the performance of a government function and whose jurisdiction is coextensive with one or more counties, cities or towns; a combined city-county health department created pursuant to article two, chapter sixteen of this code; public service districts; and other instrumentalities including, but not limited to, volunteer fire departments and emergency service organizations as recognized by an appropriate public body and authorized by law to perform a government function: Provided, That hospitals of a political subdivision and their employees are expressly excluded from the provisions of this article.

*Id.* at 29-12A-3(c). Not only has West Virginia held that the West Virginia State Police is not a political subdivision under the Act but plaintiff conceded that "the West Virginia State Police and its employees fall outside the purview of [the Act]" [Doc. 27 at 8]. Thus, it is clear that this Act does not apply to defendant.

4

### B. Defendant never asserted a qualified immunity argument for plaintiff to refute.

Qualified immunity is an affirmative defense to liability that must be pled. *West Virginia Bd. of Educ. v. Marple*, 236 W.Va. 654, 668, 783 S.E.2d 75, 89 (2015). However, qualified immunity can be pled at "various stages in a case." *Id.* Under West Virginia common law, qualified immunity is "an affirmative defense which must be pleaded by the official." *Parkulo v. W. Va. Bd. of Probation and Parole*, 199 W.Va. 161, 175, 483 S.E.2d 507, 521 (1996) (citing *State v. Chase Securities, Inc.*, 188 W.Va. 356, 362, 424 S.E.2d 591, 597 (1992)). Under federal law, qualified immunity "is an affirmative defense that must be pleaded by a defendant official." *Henry v. Purnell*, 501 F.3d 374, 378 (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 815 (1982)); see also *U.S. ex rel. Oberg v. Pennsylvania Higher Educ. Assistance Agency*, 745 F.3d 131, 148 (4th Cir. 2014) (acknowledging that a plaintiff has "no 'obligation to anticipate' an affirmative defense by pleading facts that would refute the as-yet unasserted defense") (internal citation omitted)).

Defendant has the right under state and federal law to argue that he is entitled to qualified immunity. However, Count III of plaintiff's Amended Complaint is being used to prematurely address qualified immunity even though defendant has never raised qualified immunity as a defense in either his Motion to Dismiss or in his Reply. "Waiver of Governmental Immunity" is not a proper claim to allege as its own Count in a Complaint because governmental immunity is a defense. Therefore, plaintiff's allegations about immunity fail to properly state a claim.

### C. Plaintiff cannot assert a separate cause of action for punitive damages.

West Virginia does not recognize "a separate cause of action for punitive damages."

5

*Susko v. Cox Enterprises, Inc.*, 2008 WL 4279673, at *4 (N.D. W.Va. Sept. 16, 2008) (Stamp, J.) (citing *Cook v. Heck's Inc.*, 176 W.Va. 368, 376, 342 S.E.2d 453, 461 (1986); *Miller v. Carelink Health Plans, Inc.*, 82 F.Supp.2d 574, 579 (S.D. W.Va. 2000) (Haden, C.J.)). Because the title of Count III is "Waiver of Governmental Immunity and *Punitive Damages*," the part of Count III asserting a separate cause of action for punitive damages does not state a claim upon which relief can be granted.

## IV. CONCLUSION

For the reasons stated above, Defendant Newton E. Higginbotham III's Motion to Dismiss **[Doc. 24]** is hereby **GRANTED**. Count III of Plaintiff's Amended Complaint **[Doc. 22]** is hereby **DISMISSED WITH PREJUDICE**.

It is so **ORDERED**.

The Clerk is directed to transmit a copy of this Order to all counsel of record herein.

**DATED:** January 22, 2019.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE