IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

S.F.,

    Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　　　Civil Action No. 2:18-cv-94
　　　　　　　　　　　　　　　　　　　　　　　　Honorable John Preston Bailey

**NEWTON E. HIGGINBOTHAM III,**
Individually and as an agent for
The State of West Virginia, Department of
Military Affairs, West Virginia State Police
and THE STATE OF WEST VIRGINIA,
DEPARTMENT OF MILITARY AFFAIRS,
WEST VIRGINIA STATE POLICE,

    Defendants.

### THE STATE OF WEST VIRGINIA, DEPARTMENT OF MILITARY AFFAIRS, AND THE WEST VIRGINIA STATE POLICE'S MEMORANDUM IN SUPPORT OF THEIR MOTION TO AMEND CASE CAPTION AND STRIKE <u>CERTAIN PARAGRAPHS ALLEGED IN PLAINTIFF'S AMENDED COMPLAINT</u>

**COMES NOW** The State of West Virginia, Department of Military Affairs, and the West Virginia State Police, entities no longer parties to this case, by counsel, Wendy E. Greve, W. Austin Smith, and Pullin, Fowler, Flanagan, Brown & Poe, PLLC, pursuant to Rules and seek to amend the case caption in the above-captioned matter to reflect the present alignment of parties (inasmuch as the State of West Virginia, Department of Military Affairs, and the West Virginia State Police were voluntarily dismissed from this case by Plaintiff) and for its Motion to Amend Case Caption and Strike Certain Paragraphs Alleged in Plaintiff's Amended Complaint. In support of said motion, the State of West Virginia, Department of Military Affairs, and the West Virginia State Police state as follows:

1

## I.     RELEVANT FACTS

On September 6, 2018, Plaintiff, S.F.[1], filed her complaint naming Newton E. Higginbottom III, individually and "as an agent for the State of West Virginia, Department of Military Affairs, [and] West Virginia State Police," and the State of West Virginia, Department of Military Affairs, and the West Virginia State Police. ECF No. 1. Plaintiff generally alleged Defendant Higginbottom sexually assaulted Plaintiff while employed as a West Virginia State Trooper. ECF No. 1 at ¶¶ 14-20. Plaintiff asserted causes of action against Defendant Higginbottom for violations of the West Virginia Constitution; claims pursuant to 42 U.S.C. § 1983 for violations under the 8th Amendment of the United States Constitution; punitive damages; Intentional Infliction of Emotion Distress; and negligent hiring, training, supervision, and retention against the West Virginia State Police. ECF no. 1 at ¶¶ 27-64.

On October 11, 2018, Defendants State of West Virginia, Department of Military Affairs, and the West Virginia State Police filed their Answer generally denying the allegations. ECF No. 4. On December 20, 2018, Plaintiff entered her Motion to Amend [her] Complaint. ECF No. 19. In her motion, Plaintiff stated "after reviewing Defendant WVSP's answer to her Complaint, as well as relevant case law and statutes in the matter, the Plaintiff believes that she may not proceed with her causes of action against Defendant WVSP, and that her Complaint should be directed to Defendant Higginbottom." Id. Plaintiff attached her Amended Complaint as an exhibit.

---

[1] Due to the sensitive nature of the matters alleged in Plaintiff's Complaint, Plaintiff's initials are used to protect Plaintiff's identity.

In her Amended Complaint, Plaintiff made no changes to the case caption which referenced the State of West Virginia, Department of Military Affairs, and the West Virginia State Police as parties to the action. See Amended Complaint. Additionally, Plaintiff's Amended Complaint states that Defendant Higginbotham is "a state official being sued in his individual capacity as a person within the meaning of § 1983." Id. at ¶ 30. Additionally, Plaintiff states that "Defendant Higginbotham was acting under the color of law and within the scope of his employment as a West Virginia State Trooper. . . " Id. at ¶ 38. Additionally, Plaintiff states:

> In an effort to prevent other similarly situated individuals from suffering the same violation of their constitutional rights, Plaintiff further seeks to have the Court order Defendant to undergo additional training and education addressing sexual harassment and abuse of members of the public, the proper manner to handle any reports relating to allegations of such harassment and abuse, the development of policies to preclude such actions in the future, a review of the West Virginia State Police's hiring practices to determine whether Defendant Higginbotham's actions could have been identified, and implementation of discipline against others who similarly commit such acts to hold them accountable for their wrongful actions.

Id. at ¶ 41.

Plaintiff's Amended Complaint also stated: "The unconstitutional sexual assault incident by Defendant Higginbotham on the Plaintiff demonstrated a deliberate and reckless failure of official policies, customs, or practices of the West Virginia State Police," Id. at ¶ 46, and "All acts of the Defendant were done under color and pretense of the statues, regulations, customs, and usages of the West Virginia State Police." Id. at ¶ 48.

> Plaintiff's prayer for relief stated, inter alia, "Plaintiff also seeks an award for punitive damages to deter other similarly situated law enforcement officers and agencies from committing similar acts. Plaintiff seeks whatever equitable relief the Court deems appropriate, such as requiring Defendant undergo additional training and education of employees to help prevent the occurrence of similar incidents in the future."

See Id.

On December 26, 2018, the undersigned raised objections to Plaintiff's Amended Complaint insofar as it still named the State of West Virginia, Department of Military Affairs, and the West Virginia State Police and some of the pleadings appeared to still pursue an official capacity claim. (See December 26, 2018 email communication attached hereto as Exhibit 1). Counsel for Plaintiff responded that he did not intend to raise claims against these nonparties but did not see the purpose in changing the case caption or modifying the language in the Amended Complaint. (See Exhibit 1.).

## II.     DISCUSSION

Federal Rule of Civil Procedure 10 states that "[e]very pleading must have a caption with the court's name, a title, a file number, and a Rule 7(a) designation. The title of the complaint must name all the parties." Fed. R. Civ. P. 10(a) (emphasis added). The original Complaint in this matter, pursuant to Rule 10(a), was styled "S.F., Plaintiff v. NEWTON E. HIGGINBOTHAM III, Individually and as an agent for The State of West Virginia, Department of Military Affairs, West Virginia State Police and THE STATE OF WEST VIRGINIA, DEPARTMENT OF MILITARY AFFAIRS, WEST VIRGINIA STATE POLICE, Defendants."

Because of the agreed upon changes in the parties to this case, that case caption as it is currently styled no longer accurately reflects the parties to this case. The State of West Virginia, Department of Military Affairs, and the West Virginia State Police are no longer parties to this case. Accordingly, Plaintiff is suing Defendant Higginbotham in his individual capacity. For that reason, reference to Defendant Higginbotham as an "agent" for the State of West Virginia, Department of Military Affairs, and the West Virginia State

Police is inapposite. The United States Supreme Court has consistently held that "a local government cannot be held liable solely because it employs a tortfeasor[.]" Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 691, 98 S. Ct. 2018, 2036, 56 L. Ed. 2d 611 (1978). In other words, there is no doctrine of respondeat superior as it relates to actions pursuant to 42 U.S.C. § 1983. See Cortez v. Prince George's Cty. Maryland, 31 F. App'x 123, 128 (4th Cir. 2002)(internal citations omitted). Rather, "a plaintiff seeking to impose liability under § 1983 upon a local government must identify a policy or custom of that local government that caused his injury." Cortez, 31 F. App'x at 128 (citations omitted). Therefore, the case caption in Plaintiff's Amended Complaint and all pleadings related thereto should reflect that Defendant Higginbotham is being sued individually.

Additionally, Paragraphs 30; 38; 41; 46; 48; and the prayer for relief of Plaintiff's Amended Complaint should be stricken. Rule 12(f) of the Federal Rules of Civil Procedure provides, in relevant part, that "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). See, .e.g., Haley Paint Co. v. E.I. du Pont de Nemours & Co., 279 F.R.D. 331, 335 (D. Md. 2012). In determining whether to grant a motion to strike, the court "enjoys wide discretion . . . in order to minimize delay, prejudice and confusion by narrowing the issues for discovery and trial." Id. at 336. While courts generally look upon motions to strike with disfavor, "the court should grant a motion to strike "to avoid unnecessary time and money in litigating invalid, spurious issues." Clark v. Milam, 152 F.R.D. 66, 70 (S.D. W. Va. 1993). Generally, motions to strike usually requires a showing that denial of the motion would prejudice the movant, however, it is appropriate for a court to strike allegations in a pleading where they are "clearly legally insufficient, such as when there is no bona fide

5

issue of fact or law." <u>Clark</u>, 152 F.R.D. at 70 (citing <u>FDIC v. British–Am. Corp</u>., 744 F.Supp. 116, 117–18 (E.D.N.C.1990)).

In the instant case, there is no contention that the State of West Virginia, Department of Military Affairs, and the West Virginia State Police are not parties to this action. Accordingly, there is no purpose for Plaintiff to reference these entities in Paragraphs 30; 38; 41; 46; 48; and the prayer for relief of her Amended Complaint. There is simply no <u>bona fide</u> issue of fact or law to support these allegations set for in these portions of his Amended Complaint. Plaintiff voluntarily dismissed these entities from this action. See ECF No. 19. And as stated above, there is no cause agency theory of liability in relation to Section 1983 claims. See <u>Cortez</u>, 31 F. App'x at 128. Accordingly, Paragraphs 30; 38; 41; 46; 48; and the prayer for relief of his Amended Complaint should be stricken as surplusage.

### III. CONCLUSION

For the reasons set forth above, the caption of Plaintiff's Amended Complaint should be amended to reflect the proper alignment of parties and paragraphs 30; 38; 41; 46; 48; and the prayer for relief should be stricken from the Amended Complaint as inapposite as they ostensibly state claims against these nonparties. Defendants also request fees and costs associated with brining this motion and any and all relief that may be fair and just.

State of West Virginia, Department of Military Affairs, and the West Virginia State Police

By Counsel

**/s/ Wendy E. Greve**
Wendy E. Greve, Esq. (WVSB #6599)
W. Austin Smith, Esq.  (WVSB #13145)


**PULLIN, FOWLER, FLANAGAN, BROWN & POE, PLLC**
JamesMark Building
901 Quarrier Street
Charleston, West Virginia 25301
Telephone:  (304) 344-0100
Facsimile:   (304) 342-1545
E-Mail:  gpullin@pffwv.com; wgreve@pffwv.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

S.F.

    Plaintiff,

v.                                                      Civil Action No. 2:18-cv-94
                                                        Honorable John Preston Bailey

**NEWTON E. HIGGINBOTHAM III,**
Individually and as an agent for The State
of West Virginia, Department of Military Affairs,
West Virginia State Police and THE STATE OF
WEST VIRGINIA, DEPARTMENT OF MILITARY
AFFAIRS, WEST VIRGINIA STATE POLICE,

    Defendants.

## CERTIFICATE OF SERVICE

The undersigned counsel for State of West Virginia, Department of Military Affairs, and the West Virginia State Police does hereby certify on this **20th** day of **March 2019**, that a true copy of the foregoing "*The State of West Virginia, Department of Military Affairs, and the West Virginia State Police's Memorandum of in Support of Their Motion to Amend Case Caption and Strike Certain Paragraphs Alleged Plaintiff's Amended Complaint*" was served upon counsel of record by utilizing the CM/ECF filing system:

*Counsel for Plaintiff*
Christopher J. Heavens, Esq. (WVSB #5776)
Aaron M. Kidd, Esq. (WVSB #13213
HEAVENS LAW FIRM, PLLC
2438 Kanawha Boulevard, E.
Charleston, WV 25311

***Counsel for Defendant Newton E. Higginbotham III***
Michael D. Mullins, Esq.
STEPTOE & JOHNSON
Post Office Box 1588
Charleston, WV 25326-1588

*/s/ Wendy E. Greve*
Wendy E. Greve, WVSB #6599
W. Austin Smith, WVSB #13145