IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

S.F.,

    Plaintiff,

v.                                                                                                  Civil Action No. 2:18-cv-94
                                                                                                    Honorable John Preston Bailey

**NEWTON E. HIGGINBOTHAM III,**
Individually and as an agent for
The State of West Virginia, Department of
Military Affairs, West Virginia State Police
and THE STATE OF WEST VIRGINIA,
DEPARTMENT OF MILITARY AFFAIRS,
WEST VIRGINIA STATE POLICE,

    Defendants.

**THE STATE OF WEST VIRGINIA, DEPARTMENT OF MILITARY AFFAIRS, AND THE WEST VIRGINIA STATE POLICE'S REPLY TO PLAINTIFF'S RESPONSE TO THEIR MOTION TO AMEND CASE CAPTION AND STRIKE CERTAIN PARAGRAPHS <u>ALLEGED IN PLAINTIFF'S AMENDED COMPLAINT</u>**

    **COMES NOW** The State of West Virginia, Department of Military Affairs, and the West Virginia State Police, by counsel, Wendy E. Greve, W. Austin Smith, and Pullin, Fowler, Flanagan, Brown & Poe, PLLC, and for their Reply to Plaintiff's Response to their Motion to Amend Case Caption and Strike Certain Paragraphs Alleged in Plaintiff's Amended Complaint state as follows:

    Plaintiff's Response to *WVSP's Motion to Amend Case Caption and Strike Certain Paragraphs in Plaintiff's Amended Complaint* misses the point of the instant Motion. For clarity's sake, WVSP is not—and does not wish to be—a party in this case.

1

Accordingly, it has filed the instant motion solely for the limited purpose of clarifying and correcting irregularities in Plaintiff's Amended Complaint.

To begin, Plaintiff's standing argument has no merit. Plaintiff's Amended Complaint still names the WVSP in the caption and still seeks, inter alia, injunctive relief. WVSP does not wish to have any part in the determination on the merits of the Plaintiff's lawsuit. As stated above, its appearance is limited to clarifying the record as to the status of the WVSP as a nonparty in this action. The Undersigned attempted to resolve this issue without judicial intervention as averred in the instant Motion. However, the parties could not come to an agreement. The WVSP's only recourse is to petition the Court to resolve this matter. Therefore, Plaintiff's assertion that the WVSP does not have standing to respond when Plaintiff purportedly still seeks injunctive relief against it is absurd on its face.

While Plaintiff concedes that she no longer wishes for the WVSP to be a party to this action, she still names it in the case caption. It is bedrock principal of civil rights jurisprudence that "a local government cannot be held liable solely because it employs a tortfeasor[.]" Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 691, 98 S. Ct. 2018, 2036 (1978). Rather, "a plaintiff seeking to impose liability under § 1983 upon a local government must identify a policy or custom of that local government that caused his injury." Cortez v. Prince George's Cty. Maryland, 31 F. App'x 123,128 (4th Cir. 2002) (citing Knight v. Vernon, 214 F.3d 544, 552 (4th Cir. 2000)). "[l]iability under § 1983 of a local government for a constitutional violation cannot be premised solely upon the doctrine of respondeat superior." Cortez, 31 F. App'x at 128.

2

Therefore, the suggestion that Defendant Higginbotham was at one time an agent for the WVSP, or any other state agency, is of no importance here. It is not a matter of Defendant Higginbotham portraying the WVSP "in a bad light," but rather the fact that the case caption as it is currently styled does not accurately reflect the proposed parties to this case. As a matter of law, Plaintiff is only pursuing claims against Defendant Higginbotham individually—not as an agent of the WVSP. While this nuance seems to be lost on Plaintiff, it is nevertheless important for the sake of preserving a sense of clarity and accuracy.

For the same reasons, Paragraphs 30; 38; 41; 46; 48; and the prayer for relief of Plaintiff's Amended Complaint should be stricken. The matters stated in these paragraphs seek to hold the WVSP liable which Plaintiff has expressly stated she no longer wishes to do. As Plaintiff aptly pointed out "after reviewing Defendant WVSP's Answer to her Complaint, as well as relevant case law and statutes in the matter, the Plaintiff believes that she may not proceed with her causes of action against Defendant WVSP, and that her Complaint should be directed to Defendant Higginbottom." ECF No. 19. It is therefore baffling why Plaintiff seeks to have:

> [WVSP] [] undergo additional training and education addressing sexual harassment and abuse of members of the public, the proper manner to handle any reports relating to allegations of such harassment and abuse, the development of policies to preclude such actions in the future, a review of the West Virginia State Police's hiring practices to determine whether Defendant Higginbotham's actions could have been identified, and implementation of discipline against others who similarly commit such acts to hold them accountable for their wrongful actions.

Id. at ¶ 41. Even more curious, Plaintiff's assertions that "[t]he unconstitutional sexual assault incident by Defendant Higginbotham on the Plaintiff demonstrated a deliberate and reckless failure of official policies, customs, or practices of the West Virginia State

3

Police," Id. at ¶ 46, and "[a]ll acts of the Defendant were done under color and pretense of the statues, regulations, customs, and usages of the West Virginia State Police." Id. at ¶ 48. Furthermore, Plaintiff's prayer for relief stated, inter alia:

> Plaintiff also seeks an award for punitive damages to deter other similarly situated law enforcement officers and agencies from committing similar acts. Plaintiff seeks whatever equitable relief the Court deems appropriate, such as requiring Defendant undergo additional training and education of employees to help prevent the occurrence of similar incidents in the future.

See Id.

These allegations and claims for relief have no bearing in this matter against Defendant Higginbottom and therefore, "there is no bona fide issue of fact or law" to support them. Clark v. Milam, 152 F.R.D. 66, 70 (S.D. W. Va. 1993) (citing FDIC v. British–Am. Corp., 744 F. Supp. 116, 117–18 (E.D.N.C.1990)). For that reason, this Court should Grand the WVSP's *Motion to Amend Case Caption and Strike Certain Paragraphs Alleged in Plaintiff's Amended Complaint*.

## CONCLUSION

For the reasons set forth above, the caption of Plaintiff's Amended Complaint should be amended to reflect the proper alignment of parties and paragraphs 30; 38; 41; 46; 48; and the prayer for relief should be stricken from the Amended Complaint as inapposite as they ostensibly state claims against these nonparties. WVSP also request fees and costs associated with brining this motion and any and all relief that may be fair and just.

The State of West Virginia, Department of Military Affairs, West Virginia State Police

By Counsel

          ***/s/ Wendy E. Greve***
          Wendy E. Greve, Esq. (WVSB #6599)
          W. Austin Smith, Esq. (WVSB #13145)

**PULLIN, FOWLER, FLANAGAN, BROWN & POE, PLLC**
JamesMark Building
901 Quarrier Street
Charleston, West Virginia 25301
Telephone:  (304) 344-0100
Facsimile:    (304) 342-1545
E-Mail:  wgreve@pffwv.com; asmith@pffwv.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**S.F.**

    **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　　　　　Civil Action No. 2:18-cv-94
　　　　　　　　　　　　　　　　　　　　　　　　　Honorable John Preston Bailey

**NEWTON E. HIGGINBOTHAM III,**
**Individually and as an agent for The State**
**of West Virginia, Department of Military Affairs,**
**West Virginia State Police and THE STATE OF**
**WEST VIRGINIA, DEPARTMENT OF MILITARY**
**AFFAIRS, WEST VIRGINIA STATE POLICE,**

    **Defendants.**

## **CERTIFICATE OF SERVICE**

The undersigned counsel for State of West Virginia, Department of Military Affairs, and the West Virginia State Police does hereby certify on this **2nd** day of **April 2019**, that a true copy of the foregoing "***The State of West Virginia, Department of Military Affairs, and the West Virginia State Police's Reply to Plaintiff's Response to Their Motion to Amend Case Caption and Strike Certain Paragraphs Alleged In Plaintiff's Amended Complaint***" was served upon counsel of record by utilizing the CM/ECF filing system:

*Counsel for Plaintiff*
Christopher J. Heavens, Esq. (WVSB #5776)
Aaron M. Kidd, Esq. (WVSB #13213
HEAVENS LAW FIRM, PLLC
2438 Kanawha Boulevard, E.
Charleston, WV 25311

*Counsel for Defendant Newton E. Higginbotham III*
Michael D. Mullins, Esq.
STEPTOE & JOHNSON
Post Office Box 1588
Charleston, WV 25326-1588

*/s/ Wendy E. Greve*
Wendy E. Greve, WVSB #6599
W. Austin Smith, WVSB #13145