IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS

S.F.,

        Plaintiff,

v.

        Civil Action No. 2:18-CV-94
        (BAILEY)

NEWTON E. HIGGINBOTHAM III,

        Defendant.

## ORDER GRANTING IN PART AND DENYING IN PART MOTION TO AMEND CASE CAPTION AND STRIKE CERTAIN PARAGRAPHS ALLEGED IN PLAINTIFF'S AMENDED COMPLAINT

Pending before this Court is the State of West Virginia, Department of Military Affairs, and the West Virginia State Police's ("WVSP") Motion to Amend Case Caption and Strike Certain Paragraphs Alleged in Plaintiff's Amended Complaint [Doc. 49], filed on March 20, 2019. This matter is now ripe for adjudication. For the reasons set forth below, WVSP's Motion granted in part and denied in part.

On September 6, 2018, plaintiff filed her Complaint against **"NEWTON E. HIGGINBOTHAM III**, individually and as an agent for The State of West Virginia, Department of Military Affairs, West Virginia State Police" and against the State of West Virginia, Department of Military Affairs, and the West Virginia State Police [Doc. 1]. The Complaint generally alleges that defendant Higginbotham sexually assaulted plaintiff while defendant Higginbotham was employed as a West Virginia State Police Trooper [*Id*. at ¶¶ 7–26]. The Complaint asserted causes of actions for violations of the West Virginia

1

Constitution and the Eighth Amendment of the United States Constitution; "waiver of governmental immunity and punitive damages"; intentional infliction of emotional distress; and negligent hiring, training, supervision and retention [Doc. 1].

Defendants State of West Virginia, Department of Military Affairs, and the WVSP filed their Answer to the Complaint [Doc. 4]. After the Answer, plaintiff moved to amend her Complaint [Doc. 19]. In support of her motion, she stated:

> After reviewing Defendant WVSP's answer to her complaint, as well as relevant case law and statutes in this matter, the Plaintiff believes that she may not proceed with her causes of action against Defendant WVSP, and that her Complaint should be directed to Defendant Higginbotham. The Plaintiff's proposed Amended Complaint seeks to provide clarity to the causes of action against Defendant Higginbotham, and to remove any causes of action against Defendant WVSP

[Id. at 1–2]. This Court granted plaintiff's Motion to Amend, and plaintiff's Amended Complaint's caption still had defendant Higginbotham mentioned "as an agent for the State of West Virginia, Department of Military Affairs, [and] West Virginia State Police." Defendant finds fault with the inclusion of this, as well as five paragraphs and the Prayer for Relief of the Amended Complaint:

- ¶ 30: "Pursuant to *Hafer v. Melo*, 21, 31 (1991), Defendant Higginbotham is a state official being sued in his individual capacity as a person within the meaning of §1983."
- ¶ 38: "Under West Virginia law and Federal law, Defendant Higginbotham was acting under color of law and within the scope of his employment as a West

2

Virginia State Trooper, and Defendant Higginbotham is legally liable for his actions listed above."

- ¶ 41: "In an effort to prevent other similarly situated individuals from suffering the same violation of their constitutional rights, Plaintiff further seeks to have the Court order Defendant to undergo additional training and education addressing sexual harassment and abuse of members of the public, the proper manner to handle any reports relating to allegations of such harassment and abuse, the development of policies to preclude such actions in the future, a review of the West Virginia State Police's hiring practices to determine whether Defendant Higginbotham's actions could have been identified, and the implementation of discipline against others who similarly commit such acts to hold them accountable for their wrongful actions."

- ¶ 46: "This unconstitutional sexual assault incident by Defendant Higginbotham on the Plaintiff demonstrated a deliberate and reckless failure of official policies, customs, or practices of the West Virginia State Police."

- ¶ 48: "All acts of the Defendant were done under color and pretense of the statutes, regulations, customs, and usages of the West Virginia State Police."

- Prayer for Relief: "WHEREFORE, based on the above stated facts, Plaintiff S.F. respectfully requests that this Honorable Court award all damages, including attorneys' fees and costs, to plaintiff to compensate her for the injuries she suffered as a proximate result of Defendant's actions and inactions. Plaintiff also seeks an award of punitive damages to deter other similarly situated law enforcement officers and agencies from committing similar acts. Plaintiff seeks

>whatever equitable relief the Court deems appropriate, such as requiring Defendant to undergo additional training and education of employees to help prevent the occurrence of similar incidents in the future."

[Doc. 22]. The State of West Virginia, Department of Military Affairs, and the WVSP argue that since they were voluntarily dismissed as parties, there is no purpose for plaintiff to reference these parties in these paragraphs. Additionally, they argue that there is no agency theory of liability. Plaintiff argues that they are non-parties to the case now and do not have standing to bring the instant motion and that plaintiff "is not suing WVSP and the allegations in the complaint that mention WVSP are factual." [Doc. 50].

This Court is tasked with determining whether the caption should be amended and if any of these paragraphs should be stricken from the Amended Complaint. Pursuant to Fed. R. Civ. P. 12(f), this Court "may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." As this Court has held previously, motions to strike are only granted when the challenged pleading, "has 'no possible relation or logical connection to the subject matter of the controversy' or 'cause some form of significant prejudice to one or more parties to the action.'" *Murray Energy Corp. v. McCarthy*, 2014 WL 4656221 at \*6 (N.D. W.Va. Sept. 16, 2014) (Bailey, J.) (*citing* 5c Charles A. Wright & Arthur Miller, **Federal Practice and Procedure** §§ 1380.1382 (West 2009)). Such motions to strike are "generally viewed with disfavor 'because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic.'" *Waste Management Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001). This Court has a great deal of discretion in deciding whether to grant or deny a motion to strike. *See*

4

*Delta Consulting Group, Inc. v. R. Randle Const., Inc.*, 554 F.3d 1133, 1141 (7th Cir. 2009).

It is clear that the references to the State of West Virginia, Department of Military Affairs, and the WVSP should be removed from the caption because they are not parties to this suit any longer and because there is no agency theory of liability. This should have been obvious and this question should not have even made it in front of this Court. Counsel for the defendant and the WVSP tried to deal with this issue by sending an email to plaintiff's counsel making these same points [Doc. 48-1]. However, plaintiff's counsel responded that defense counsel was "mistaken" and that "[a]s long as we are suing him only in his individual capacity and not suing the state police, the language that we have used is appropriate." [*Id.*] How it can be appropriate to state that plaintiff is being sued in his *individual capacity* and that plaintiff is *not* suing the WVSP, and then try to still include the same "as an agent . . . of the [WVSP]" language is not at all clear to this Court. We will use common sense regarding the caption in this case from this point forward and the defendant should be listed simply as: "Newton E. Higginbotham, III."

The State of West Virginia, Department of Military Affairs, and the WVSP also argue that content of the Amended Complaint should be stricken as well. They find fault with paragraphs 30, 28, 41, 46, 48, and the Prayer for Relief.

First, paragraph 41 has the same language as the original Complaint [Doc. 1] except now—where it used to say "Defendants"—it now says "Defendant." However, it is clear that this paragraph was intended to be a request for relief against the State of West Virginia, Department of Military Affairs, and the WVSP who have now been voluntarily dismissed. This paragraph states that plaintiff further seeks: (1) defendant to undergo

5

additional training regarding sexual harassment and abuse of members of the public and the proper manner to handle reports of these type of actions; (2) defendant to develop policies to preclude sexual harassment and abuse in the future; (3) a review of WVSP's hiring practices; and (4) defendant to implement discipline policy against others who commit similar acts alleged in this case. All of these requests for relief pertain to the WVSP and not to the defendant in his individual capacity. Defendant Higginbotham cannot develop policy or review the WVSP's hiring practice. Therefore paragraph 41 is to be stricken from the Amended Complaint because this paragraph has no relation or logical connection to the instant cause of action.

Paragraph 46 also is to be stricken from the Amended Complaint. This paragraph alleges that the sexual assault "demonstrated a deliberate and reckless failure of official policies, customs and practices of the [WVSP]." Once again, the allegations of deliberate or reckless failure of the WVSP are not relevant or connected to this case. The WVSP is not a party to this case and there is no agency theory of liability. The plaintiff is suing defendant Higginbotham in his individual capacity for his actions, not the actions of the WVSP.

The Prayer for Relief also includes language similar to paragraph 41, which requests equitable relief, "such as requiring Defendant to undergo additional training and education of employees to help prevent the occurrence of similar incidents in the future." Once again, this language cannot possibly refer to defendant Higginbotham and must be referring to the WVSP, who is no longer a party in this case. This language is to be stricken from the Amended Complaint, but the rest of the Prayer for Relief is appropriate.

Paragraphs 30, 38, and 48 are appropriate and will not be stricken from the Amended Complaint. Paragraph 30 just simply states that defendant Higginbotham is a state official who is being sued in his individual capacity. Paragraph 38 states that defendant was under the color of law and that defendant is legally liable for his actions. Paragraph 48 states that the actions in this case were "done under color and pretense of the statutes, regulations, customs, and usages of the [WVSP]." All of these paragraphs are proper because at the time of the underlying actions of this case, defendant Higginbotham was a uniformed state police trooper and he is being sued in his individual capacity. These allegations are factual in nature and are arguably relevant to this case. Therefore, paragraphs 30, 38, and 48 are appropriate to be in the Amended Complaint.

## **CONCLUSION**

Based upon the foregoing, this Court hereby **GRANTS IN PART AND DENIES IN PART** WVSP's Motion to Amend Case Caption and Strike Certain Paragraphs Alleged in Plaintiff's Amended Complaint **[Doc. 49]**. This Court **ORDERS** that, the defendant in the case caption from this point forward should simply be listed as "Newton E. Higginbotham III." Further, paragraphs 41, 46, and "such as requiring Defendant to undergo additional training and education of employees to help prevent the occurrence of similar incidents in the future" in the Prayer for Relief are to be **STRICKEN** from the Amended Complaint.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to counsel of record herein.

**DATED**: April 8, 2019.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE